UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIAS LUVA CANTERO, JR, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> STATE OF INDIANA, CHARLENE ) <br> BURKETT, DAVE LEONARD, ) <br> SGT. LEE, LT. E. PICKENS, and ) <br> OFFICER K. KEARBY, ) <br> Defendants ) | Cause No. 3:17-CV-673 RLM-MGG |

OPINION AND ORDER

Elias Luva Cantero, Jr., a former prisoner, brought suit in state court against the State of Indiana, a state ombudsman, and a number of state prison officials alleging constitutional violations, federal statutory claims, and state tort claims. The defendants removed the case to federal court and moved for judgment on the pleadings. For the following reasons, the court grants the motion in part and denies it in part.

I. BACKGROUND[1]

Mr. Luva Cantero, a Mexican national and Spanish speaker with a limited proficiency in English, was imprisoned at the Indiana Department of Corrections' Westville Correctional Facility. He claims he was scheduled to be released from

---

[1] The court, as it must in ruling on a motion for judgment on the pleadings, "accept[s] the complaint's] well-pleaded facts as true." Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016)

prison in December 2015, but his release was delayed by a year due to a disciplinary proceeding at Westville Correctional Facility. Mr. Luva Cantero alleges he was accused of a disciplinary offense, received no interpreter or documentation of the accusations in Spanish, despite his requests and Department of Corrections' policy. He claims that because the disciplinary hearing was conducted in English, he was effectively denied a hearing. Mr. Luva Cantero says he was found to have committed the disciplinary offense despite being innocent, and as punishment, his prisoner classification level was reduced, he lost one year of earned prison credit time, and he was sentenced to one year of solitary confinement. Mr. Luva Cantero claims he sought relief through the Indiana Department of Administration Ombudsman Bureau, but the Director, Charlene Burkett, allegedly rejected his appeal solely because he didn't submit his complaint in English. Mr. Luva Cantero filed suit, bringing Eighth and Fourteenth Amendment claims against the individual defendants; Title VI claims against Indiana and the individual defendants; § 1981 claims against the individual defendants; and false imprisonment, criminal confinement, abuse of process, and negligence claims against the individual defendants and Indiana, under a *respondeat superior* theory of liability.

## II. STANDARD OF REVIEW

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." Milwaukee

Police Ass'n v. Flynn, 863 F.3d 636, 640 (7th Cir. 2017) (quoting Wagner v. Teva Pharm. USA, Inc., 840 F.3d 355, 357–358 (7th Cir. 2016)). The court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016). A Rule 12(c) motion can be granted "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).

### III. DISCUSSION

The defendants base their motion for judgment on the pleadings on three arguments:[2] (1) judgment on the pleadings on all claims against Indiana is appropriate because the Eleventh Amendment provides the state immunity against this suit in federal court; (2) judgment on the pleadings on all claims against Ms. Burkett is warranted because she isn't alleged to have participated in any constitutional violation and is afforded statutory immunity; and (3) the state tort claims against all defendants fail pursuant to the Indiana Tort Claims Act.

---

[2] The defendants didn't move for judgment on the pleadings on the Title VI and § 1981 claims against Dave Leonard, Sgt. Lee, Lt. E. Pickens, and Officer K. Kearby.

*A. Indiana's Eleventh Amendment Immunity Defense*

Mr. Luva Cantero named Indiana as a defendant for his Title VI claim and alleges it is liable under a *respondeat superior* theory for the state law torts claims. Indiana argues that it is entitled to judgment on the pleadings on all claims brought against Indiana because the Eleventh Amendment provides immunity from suits against a state in federal court.

"[T]he Eleventh Amendment guarantees that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" Bd. Of Regents of Univ. Of Wisconsin Sys. v. Phoenix Int'l Software, Inc., 653 F.3d 448, 457 (7th Cir. 2011) (quoting Edelman v. Jordan, 415 U.S. 651, 662–663 (1974)). Eleventh Amendment immunity isn't absolute; Congress can abrogate immunity in certain circumstances and "a state may voluntarily waive its sovereign immunity by consenting to federal jurisdiction explicitly or by invoking that jurisdiction through its behavior." Id. at 457–458. While the parties don't address waiver, it is dispositive.

Mr. Luva Cantero filed this case in LaPorte Superior Court. The defendants, including Indiana, voluntarily removed the case to federal court. "[A] state cannot use the Eleventh Amendment as a get-out-of-court-free card when it voluntarily submits to a federal tribunal for a judicial determination of its rights." Id. at 459 (citing Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 619 (2002)). Indiana waived its right to invoke Eleventh Amendment immunity when it voluntarily consented to federal court jurisdiction by joining

4

in the removal of this case to federal court. Id. at 461. *See also* Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. at 624.[3]

*B. Claims against Ombudsman Burkett*

The defendants argue that Ms. Burkett is entitled to judgment on the pleadings because Indiana state law provides her with immunity for her good faith performance of her official duties. *See* Ind. Code § 4-13-1.2-9 ("[t]he ombudsman is not civilly liable for the good faith performance of official duties"). The defendants assert that the complaint doesn't allege that Ms. Burkett acted in bad faith because, according to the defendants, it only alleges that she chose not to investigate Mr. Luva Cantero's complaint. The defendants note that Ind. Code § 4-13-1.2-5(c) doesn't require that the ombudsman review a complaint, so she should be granted immunity and judgment on the pleadings.

The defendants don't address the complaint's allegations that the ombudsman intentionally and discriminatorily rejected Mr. Luva Cantero's request for assistance on the basis of race and national origin because he is not a native English speaker. Such conduct, which the court must accept as true at this stage of the litigation, could rise to the level of bad faith. Accordingly, Ind. Code § 4-13-1.2-9 doesn't grant Ms. Burkett immunity.

---

[3] Even if Indiana hadn't waived Eleventh Amendment immunity, it wouldn't be a defense to Mr. Luva Cantero's Title VI claim because Congress abrogated Eleventh Amendment immunity for states on Title VI claims. 42 U.S.C. § 2000d-7(a)(1); Kaimowitz v. Bd. of Trustees of Univ. of Illinois, 951 F.2d 765, 768 (7th Cir. 1991).

5

The defendants next contend that judgment on the pleadings in favor of Ms. Burkett is appropriate on the constitutional claims against her because she didn't cause or contribute to any constitutional violations. The defendants are correct that "liability does not attach unless the individual defendant caused or participated in a constitutional violation," Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996), and rely upon George v. Smith for the proposition that "ruling against a prisoner on an administrative complaint . . . [or] rejecting an administrative complaint about a completed act of misconduct" doesn't violate the Constitution in and of itself. 507 F.3d 605, 609–610 (7th Cir. 2007).

The complaint doesn't allege that Ms. Burkett personally participated in or caused an Eighth Amendment violation. It doesn't allege that Ms. Burkett adjudicated Mr. Luva Cantero's disciplinary complaint, revoked his good time, or subjected him to solitary confinement. The complaint alleges that she rejected his request for review of the disciplinary action because the request was in Spanish. While there might be instances in which ignoring a request for review of a disciplinary complaint rises to the level of deliberate indifference, such as an appeals officer completely ignoring a complaint, *see* Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005), Ms. Burkett wasn't an appeals officer required to review a complaint in order for a prisoner to exhaust administrative remedies, and she wasn't statutorily required to review his complaint. *See* Ind. Code § 4-13-1.2-5(c)

Mr. Luva Cantero's Fourteenth Amendment claim alleges conduct by Ms. Burkett that could amount to a constitutional violation. The complaint alleges that Ms. Burkett violated his equal protection rights by "intentionally and

6

maliciously discriminating against him on the basis of his race, color, national origin, and limited English proficiency" when she rejected his appeal for assistance because it was in Spanish. Mr. Luva Cantero claims Ms. Burkett was "motivated by a discriminatory purpose" and her "actions had a discriminatory effect," so they are sufficient to state a claim that she caused or participated in a constitutional violation. Chavez v. Illinois State Police, 251 F.3d 612, 635–636 (7th Cir. 2001).

*C. State Tort Claims*

The defendants argue that all of Mr. Luva Cantero's state tort claims should be dismissed pursuant to the immunity provisions of the Indiana Torts Claim Act. The statute grants immunity for state employees in their individual capacity, Ind. Code § 34-13-3-5(b), and for conduct of state entities and state employees "acting within the scope of their employment" if a loss results from "[t]he performance of a discretionary function." Ind. Code § 34-13-3-3(7). The defendants also contend that the complaint doesn't meet the Indiana Torts Claim Act's pleading requirements.

Mr. Luva Cantero sued the individual defendants in their individual capacities for conduct within the scope of their employment. In Indiana, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). Mr. Luva Cantero contends that that Ind. Code § 34-13-3-5(c) authorizes a suit against a government employee in their individual

7

capacity as long as it alleges an act or omission by the employee was malicious, willful, or wanton. Even if that is a reasonable interpretation of Ind. Code § 34-13-3-5(c), the court of appeals has foreclosed it, holding that "[u]nder the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." Ball v. City of Indianapolis, 760 F.3d 636, 645 (7th Cir. 2014). Mr. Luva Cantero's complaint names the individual defendants in their individual capacities and alleges that their state torts were committed while they were acting "within the scope of their employment." [Doc. No. 2 at ¶ 40]. Accordingly, the Indiana Torts Claim Act provides immunity and judgment on the pleadings on the state tort claims against the individual defendants is appropriate.

The defendants argue that the state tort claims against Indiana also fail because the "Indiana Supreme Court interpreted Indiana Code § 34-13-3-3 to provide sovereign immunity from tort liability to the State and state employees acting within the scope of their employment, when performing certain protected functions," citing to State v. Rendleman, 603 N.E.2d 1333 (Ind. 1992). State v. Rendleman addresses the constitutionality of Indiana Torts Claim Act; it doesn't stand for the proposition that if the Act provides immunity for an employee, it also provides immunity for Indiana. Accordingly, the defendants haven't presented an argument that would allow the court to grant judgment on the pleadings on the state tort claims against Indiana.

The defendants next contend that the Indiana Torts Claim Act grants immunity to the individual defendants and the state pursuant to Ind. Code § 34-13-3-3(7), asserting that the alleged liability is based on discretionary conduct. "Whether an act is discretionary 'is a question of law for the court's determination.'" City of Beech Grove v. Beloat, 50 N.E.3d 135, 138 (Ind. 2016) (quoting Peavler v. Bd. of Comm'rs of Monroe Cty., 528 N.E.2d 40, 46 (Ind. 1988)). According to the Indiana Supreme Court, discretionary activities warranting immunity are "acts or omissions in the exercise of a legislative, judicial, executive, or planning function which involves formulation of basic policy decisions characterized by official judgment or discretion in weighing alternatives and choosing public policy" and include conduct "involv[ing] assessment of competing priorities and a weighing of budgetary considerations or the allocation of scare resources." Peavler v. Bd. of Comm'rs of Monroe Cty., 528 N.E.2d at 45. Activities that aren't discretionary and so don't warrant immunity are "decisions regarding only the execution or implementation of [public] policy." Veolia Water Indianapolis, LLC v. Nat'l Tr. Ins. Co., 3 N.E.3d 1, 6 (Ind. 2014) (quoting Gary Cmty. Sch. Corp. v. Boyd, 890 N.E.2d 794, 800 (Ind. Ct. App. 2008)). "The burden is upon the entity seeking immunity to demonstrate that 'the challenged act or omission was a policy decision made by consciously balancing risks and benefits.'" City of Beech Grove v. Beloat, 50 N.E.3d at 138 (quoting Peavler v. Bd. of Comm'rs of Monroe Cty., 528 N.E.2d at 46).

The complaint alleges that defendants Sgt. Lee, Lt. E. Pickens, and Officer K. Kearby adjudicated the disciplinary complaint against Mr. Luva Cantero, Ms.

9

Burkett declined to review it because it was in Spanish, and Mr. Leonard—administrative assistant to the Westville Superintendent—refused to reconsider the disciplinary decision when petitioned to do so by Mr. Luva Cantero's fellow prisoners. The allegations in the complaint, which is all the court has before it at this stage of the litigation, don't allow the court to conclude that the defendants' conduct constituted policy making rather than policy execution. Accordingly, the defendants haven't met their burden of demonstrating that immunity based on a discretionary function is appropriate. *See* City of Beech Grove v. Beloat, 50 N.E.3d 135, 138 (Ind. 2016) (quoting Peavler v. Bd. of Comm'rs of Monroe Cty., 528 N.E.2d 46).

The defendants also argue that the court should grant judgment on the pleadings on Mr. Luva Cantero's state tort claims because the complaint doesn't meet Ind. Code § 34-13-3-5(c)'s heightened pleading standard.[4] The court notes that while some federal courts have applied the Indiana Tort Claim Act's pleading standards, *see, e.g.,* McConnell v. McKillip, 573 F. Supp. 2d 1090, 1103 (S.D. Ind. 2008), the court of appeals has suggested that a complaint in federal court need only comply with Rule 8(a), not Ind. Code § 34-13-3-5(c). Ball v. City of

---

[4] To the extent the defendants argue that the complaint alleges insufficient facts in support of the state tort claims or is deficient because it doesn't identify the elements of the torts, the court disagrees. First, a court can only grant a Rule 12(c) motion "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007). The defendants don't make that argument here. Furthermore, the complaint's allegations are sufficient to meet the notice pleading requirements of Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Indianapolis, 760 F.3d at 645. Even assuming the court should hold Mr. Luva Cantero's to the Indiana Tort Claim Act's pleading requirements, the complaint satisfies them.

Ind. Code § 34-13-3-5(c) requires that a complaint allege, among other things, that a defendant acted criminally, maliciously, or willfully and wantonly. Mr. Luva Cantero's complaint alleges that the "[d]efendants' acts, omissions, and policies were intentional, discriminatory, non-neutral, and not reasonably related to any legitimate penological objectives" and subjected Mr. Luva Cantero to "wrongful imprisonment, loss of potential earnings, mental trauma and emotional distress." [Doc. No. 2 at ¶ 39]. The claim that the defendants intentionally discriminated against Mr. Luva Cantero, subjecting him to wrongful imprisonment sufficiently alleges that the defendants acted maliciously. *See* BLACK'S LAW DICTIONARY 1101 (10th ed. 2014) (defining maliciously as "[i]n a spirit of ill will" and a malicious act as an "intentional, wrongful act done willfully or intentionally against another without legal justification or excuse").

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART the defendants' Rule 12(c) motion for judgment on the pleadings [Doc. No. 18] as follows:

1. DENIES the motion as to Indiana's Eleventh Amendment immunity defense;

2. GRANTS the motion as to the Eighth Amendment claim against Ms. Burkett, but DENIES the motion as to the Fourteenth Amendment claim against her; and

3. GRANTS the motion as to the state tort claims against the individual defendants, but DENIES the motion as to the state tort claims against Indiana.

SO ORDERED.

ENTERED:   November 13, 2018

                            /s/ Robert L. Miller, Jr.
                           Judge, United States District Court